JANE LOWDEN v. L. F. BOULMORE et al.

**Attachment — Deed Lodged for Record Before Attachment Issue — Fraudulent or Voluntary Conveyance — Pleading.**
>  When land has been sold and deed lodged for record before an attachment issues and there is no pleading in the cause assailing the deed as fraudulent or voluntary, the attachment will be discharged.

**Minors — Next Friend — Defense.**
>  A next friend cannot defend for minor children; none but a guardian can do this.

APPEAL FROM HENRY CIRCUIT COURT.

June 21, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The deed of April 23, 1864, of J. H. Lowden to his wife and children for the land attached was lodged for record before these suits were brought by his creditors and the issual of the attachments. No pleading in the causes assail this deed as either fraudulent or voluntary; and notwithstanding the mere nominal valuable consideration of one dollar, and then the love and affection for his

wife and children is set out in the deed, yet appellant in her petition to become a party sets out that it was upon a valuable consideration, that is the sale of her own real estate derived from her father with a promise by her husband to vest its proceeds in other lands for her.

All but one of the children were minors; therefore, upon the filing of their petition the plaintiffs should have been ordered to make them parties. Process, service, and guardian *ad litem* should have been had and then unless the deed had been assailed the attachments should have been discharged as to this land.

We cannot determine upon the petition, which was regarded as their answer, and exhibits of Mrs. Lowden and her children that said deed was either fraudulent or voluntary.

Nor could she as next friend defend for her minor children; none but guardian can do this.

The judgment ordering a sale of the land was erroneous and is, therefore, reversed with directions for further proceedings as herein indicated.